*1165 OPINION.
Van Fossan :
Petitioner contends that by reason of the provision of the memorandum of May 16, 1921, that the payment of $50,000 “may be regarded by the Ohio State Mortgage Company as payment for the existing buildings on the leased premises,” it became the owner of the buildings. It contends, further, that, since the lease of April 1,1921, provided that “ the lessee may tear down and remove all or such part of the existing buildings as it may desire,” it (the petitioner) is entitled to depreciation on the buildings at the rate of $10,000 per year. This period of five years for total depreciation •of the buildings is based on a covenant of the lease requiring petitioner within five years to erect a new building or buildings at a cost of $200,000 or more.
Proceedings before the Board of Tax Appeals are heard de novo. During the hearing in the present case this fact was specifically brought to the attention of counsel for the petitioner. Speaking generally, a presumption of correctness is accorded to the findings of the respondent and the burden of proving error rests on the petitioner. This burden requires petitioner to prove all material facts essential to the establishment of its claim. •
After considering the terms of the lease and the memorandum, we are unimpressed by petitioner’s argument that it became the owner of the buildings located on the leased grounds. In view of other considerations appearing on examination of the record, we do not deem it necessary, however, to rest our decision on a determination of this question.
*1166 Assuming, without approving, petitioner’s first contention and passing to the second contention, it is to be noted that the lease merely gave petitioner permission to remove all or any part of the existing buildings. It did not obligate it to do so. No evidence was introduced to prove that the removal of the old buildings was necessary before the erection of the new buildings or that, in fact, any of the old buildings were removed. Nor is, there any evidence that the new buildings called for by the agreement were erected.
The lease further provided that in event of removal of any part of the old buildings petitioner might convert “ the materials thereof to its own use,” that is to say, petitioner was to retain any salvage. Clearly, were petitioner’s proof complete in all other respects, its failure to prove the amount and value of any salvage would preclude a decision favorable to its contention. There is no proof of the type of buildings or material, nor does it appear whether they could profitably be removed to some other site without destruction. Proof of the value of the salvage was a material and necessary part of petitioner’s case. Looking further at the record, we find that although petitioner asserts that the old buildings were used in its business, that rents received therefrom were reported as part of its income for the years in question, and that, therefore, depreciation is deductible from income, petitioner introduced no evidence to establish these assertions. Petitioner’s returns for the years in question were not offered in evidence and there is nothing in the record proving or tending to prove that petitioner actually received rents from the old buildings or that it reported rents so received as a part of its income.
In view of the foregoing considerations we must conclude that petitioner has not sustained the burden of proving error on the part of respondent.

Judgment will he entered for the respondent.